# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

**WESLEY D. HEMPHILL,**

    Plaintiff,

v.

**ANDREW J. HALE, et al.,**

    Defendants.

Cause No.  4:09-CV-2123

**JURY TRIAL DEMANDED**

## PARTIAL ANSWER OF DEFENDANTS ANDREW J. HALE, JEFFREY N. SEEREY, TIM LOWERY, AND CITY OF FLORISSANT, MISSOURI TO PLAINTIFF'S PETITION/COMPLAINT

Separate Defendants Andrew J. Hale, Jeffrey N. Seerey, Tim Lowery, and City of Florissant, Missouri (hereinafter collectively referred to as "Defendants"), by and through counsel, for their Partial Answer to Plaintiff's Petition/Complaint, state as follows:

### PARTIES

1.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1, and therefore deny the same.

2.  Defendants admit only that, at all times relevant, Defendant Andrew J. Hale was employed as a police officer with Defendant City of Florissant, Missouri.  Defendants deny the remaining allegations set forth in Paragraph 2.

3.  Defendants admit only that, at all times relevant, Defendant Jeffrey N. Seerey was employed as a police officer with Defendant City of Florissant, Missouri.  Defendants deny the remaining allegations set forth in Paragraph 3.

4.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4, and therefore deny the same.

5. Defendants admit only that, at all times relevant, Defendant Tim Lowery was employed as a police officer with Defendant City of Florissant, Missouri. Defendants deny the remaining allegations set forth in Paragraph 5.

6. Defendants admit the allegations set forth in Paragraph 6.

### JURISDICTION AND VENUE

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7, and therefore deny the same. However, Defendants do not challenge jurisdiction or venue in this matter.

### FACTS

8. Defendants admit only that on August 19, 2009, Plaintiff was present in a vehicle located at a BP Amoco gas station at 9925 Lewis and Clark Boulevard. Defendants deny the remaining allegations set forth in Paragraph 8.

9. Defendants deny the allegations set forth in Paragraph 9.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10, and therefore deny the same.

11. Defendants admit the allegations set forth in Paragraph 11.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12, and therefore deny the same.

13. Defendants deny the allegations set forth in Paragraph 13.

14. Defendants deny the allegations set forth in Paragraph 14.

15. Defendants deny the allegations set forth in Paragraph 15.

16. Defendants deny the allegations set forth in Paragraph 16.

17. Defendants deny the allegations set forth in Paragraph 17.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18, and therefore deny the same.

19. Defendants deny the allegations set forth in Paragraph 19.

20. Defendants deny the allegations set forth in Paragraph 20.

21. Defendants deny the allegations set forth in Paragraph 21.

22. Defendants deny the allegations set forth in Paragraph 22.

23. Defendants deny the allegations set forth in Paragraph 23.

24. Defendants deny the allegations set forth in Paragraph 24.

25. Defendants deny the allegations set forth in Paragraph 25.

26. Defendants deny the allegations set forth in Paragraph 26.

27. Defendants deny the allegations set forth in Paragraph 27.

28. Defendants deny the allegations set forth in Paragraph 28.

29. Defendants deny the allegations set forth in Paragraph 29.

30. Defendants deny the allegations set forth in Paragraph 30.

31. Defendants deny the allegations set forth in Paragraph 31.

32. Defendants deny the allegations set forth in Paragraph 32.

33. Defendants admit the allegations set forth in Paragraph 33.

34. Defendants deny the allegations set forth in Paragraph 34.

35. Defendants deny the allegations set forth in Paragraph 35.

36. Defendants deny the allegations set forth in Paragraph 36.

37. Defendants deny the allegations set forth in Paragraph 37.

38. Defendants deny the allegations set forth in Paragraph 38.

39. Defendants deny the allegations set forth in Paragraph 39.

40. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40, and therefore deny the same.

41. Defendants deny the allegations set forth in Paragraph 41.

42. Defendants admit the allegations set forth in Paragraph 42.

43. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43, and therefore deny the same.

44. Defendants admit only that any actions taken by the individual Defendants with regard to Plaintiff were taken in each individual Defendant's capacity as a police officer with Defendant City of Florissant, Missouri.

45. Defendants deny the allegations set forth in Paragraph 45.

46. Defendants deny the allegations set forth in Paragraph 46.

47. Defendants deny the allegations set forth in Paragraph 47.

48. Defendants deny the allegations set forth in Paragraph 48.

49. Defendants deny the allegations set forth in Paragraph 49.

50. Defendants deny the allegations set forth in Paragraph 50.

51. Defendants deny the allegations set forth in Paragraph 51.

52. Defendants deny the allegations set forth in Paragraph 52.

53. Defendants deny the allegations set forth in Paragraph 53.

54. Defendants deny the allegations set forth in Paragraph 54.

55. Defendants deny the allegations set forth in Paragraph 55.

56. Defendants deny the allegations set forth in Paragraph 56.

57. Defendants deny the allegations set forth in Paragraph 57.

58. Defendants deny the allegations set forth in Paragraph 58.

59. Defendants admit the allegations set forth in Paragraph 59.

**COUNT I**
**REPLEVIN CELL PHONE AND MONEY**
**STATE LAW CLAIM, RULE 99**
**AGAINST ALL DEFENDANTS**

60. Defendants admit only that he is the owner of his driver's license. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 60, and therefore deny the same.

61. Defendants admit the allegations set forth in Paragraph 61.

62. Defendants admit the allegations set forth in Paragraph 62.

63. Defendants admit the allegations set forth in Paragraph 63.

**AFFIRMATIVE DEFENSES**

A. Further answering and by way of affirmative defense, Defendants state that Count I of Plaintiff's Petition/Complaint fails to state a claim upon which relief can be granted.

B. For further answer and by way of affirmative defense, Defendants state that Plaintiff's claim for attorneys fees under Count I is not proper and should be stricken in that, under Missouri law, a claim for attorney's fees for replevin is not proper;

C. For further answer and by way of affirmative defense, Defendants state that Plaintiff's claim under Count I is barred under the doctrine of sovereign immunity;

D.  For further answer and by way of affirmative defense, Defendants state that Plaintiff's claim under Count I is barred under the doctrine of official immunity;

E.  Further answering and by way of affirmative defense, Defendants state that whatever actions, if any, these Defendants took with reference to Plaintiff were supported by probable cause.

F.  Further answering and by way of affirmative defense, Defendants are immune from Plaintiffs' claim for punitive damages.

G.  Further answering and by way of affirmative defense, Defendants state that Plaintiff's claim for punitive damages violates Defendants' rights secured by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and by Article 1, § 2, § 10, § 13 and § 21 of the Missouri Constitution and that the claim for punitive damages is for the purpose of punishing Defendants and is tantamount to the imposition of a criminal fine based upon conduct and a mental state which is not defined with sufficient precision to notify defendants in advance that conduct which will give rise to imposition of punishment in the form of punitive damages, in the amount of the penalty that may be imposed is indeterminate in that there are no standards governing the decision of the fact finder in determining the severity of punishment to be inflicted, all of which violate Defendants' right to procedural and substantive due process secured by both the Federal and State Constitutions; the claim for punitive damages constitutes an excessive fine and therefore deprives Defendants of the guaranty secured by the Federal and State Constitutions that excessive fines shall not be imposed; the punitive damages claim discriminates against Defendants on the basis of wealth, and that different amounts can be awarded against different defendants for the same act based only upon the difference in material wealth, and further the

lack of standards from posing punitive damages allows the fact finder to impose punishment on one defendant while refusing to impose punishment on another defendant for engaging in the same or similar conduct, and therefore, is irrational, arbitrary and capricious, and constitutes a deprivation of Defendants' rights to the equal protection of the law as secured by the Federal and State Constitutions; the claim for punitive damages amounts to an ex post facto law and punishment which is retrospective in operation, impairs Defendants' right to contract and to access to the courts, and further constitutes an uncertain remedy, all in contravention of the rights secured for Defendants in the Federal and State Constitutions.

WHEREFORE, having fully responded to Count I of Plaintiff's Petition/Complaint, Defendants pray that it be dismissed with prejudice at Plaintiff's costs, and for such other and further relief as the Court deems just and proper.

## COUNT II
### ENTRY INTO APARTMENT
### FOURTH AMENDMENT - 42 U.S.C. 1983
### AGAINST INDIVIDUAL DEFENDANTS

71. Defendants deny the allegations set forth in Paragraph 71.

72. Defendants admit the allegations set forth in Paragraph 72.

73. Defendants admit the allegations set forth in Paragraph 73.

74. Defendants deny the allegations set forth in Paragraph 74.

### AFFIRMATIVE DEFENSES

A. Further answering and by way of affirmative defense, Defendants state that Count II of Plaintiff's Petition/Complaint fails to state a claim upon which relief can be granted.

B.  Further answering and by way of affirmative defense, Defendants state that Plaintiff's claim for damages as to these Defendants is barred by the doctrine of *qualified immunity* for the reason that whatever actions that any of Defendants took with reference to Plaintiff were undertaken reasonably and were not in violation of any clearly established rights secured for Plaintiff by the Federal Constitution.

C.  Further answering and by way of affirmative defense, Defendants state that whatever actions, if any, these Defendants took with reference to Plaintiff were supported by probable cause.

D.  Further answering and by way of affirmative defense, Defendants state that insofar as Defendants are sued in their official capacities, they are immune from Plaintiff's claim for punitive damages.

E.  Further answering and by way of affirmative defense, Defendants state that Plaintiff's claim for punitive damages violates Defendants' rights secured by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and by Article 1, § 2, § 10, § 13 and § 21 of the Missouri Constitution and that the claim for punitive damages is for the purpose of punishing Defendants and is tantamount to the imposition of a criminal fine based upon conduct and a mental state which is not defined with sufficient precision to notify defendants in advance that conduct which will give rise to imposition of punishment in the form of punitive damages, in the amount of the penalty that may be imposed is indeterminate in that there are no standards governing the decision of the fact finder in determining the severity of punishment to be inflicted, all of which violate Defendants' right to procedural and substantive due process secured by both the Federal and State Constitutions; the claim for punitive damages constitutes an excessive fine

and therefore deprives Defendants of the guaranty secured by the Federal and State Constitutions that excessive fines shall not be imposed; the punitive damages claim discriminates against Defendants on the basis of wealth, and that different amounts can be awarded against different defendants for the same act based only upon the difference in material wealth, and further the lack of standards from posing punitive damages allows the fact finder to impose punishment on one defendant while refusing to impose punishment on another defendant for engaging in the same or similar conduct, and therefore, is irrational, arbitrary and capricious, and constitutes a deprivation of Defendants' rights to the equal protection of the law as secured by the Federal and State Constitutions; the claim for punitive damages amounts to an ex post facto law and punishment which is retrospective in operation, impairs Defendants' right to contract and to access to the courts, and further constitutes an uncertain remedy, all in contravention of the rights secured for Defendants in the Federal and State Constitutions.

WHEREFORE, having fully responded to Count II of Plaintiff's Petition/Complaint, Defendants pray that it be dismissed with prejudice at Plaintiff's costs, and for such other and further relief as the Court deems just and proper.

### COUNT III
### EXCESSIVE FORCE
### FOURTH AMENDMENT - 42 U.S.C. 1983
### AGAINST DEFENDANT HALE

79. Defendants deny the allegations set forth in Paragraph 79.

80. Defendants deny the allegations set forth in Paragraph 80.

**AFFIRMATIVE DEFENSES**

  A. Further answering and by way of affirmative defense, Defendant Hale states that Count III of Plaintiff's Petition/Complaint fails to state a claim upon which relief can be granted.

  B. Further answering and by way of affirmative defense, Defendant Hale states that Plaintiff's claim for damages as to Defendant Hale is barred by the doctrine of *qualified immunity* for the reason that whatever actions Defendant Hale took with reference to Plaintiff were undertaken reasonably and were not in violation of any clearly established rights secured for Plaintiff by the Federal Constitution.

  C. Further answering and by way of affirmative defense, Defendant Hale states that whatever actions, if any, Defendant Hale took with reference to Plaintiff were supported by probable cause.

  D. Further answering and by way of affirmative defense, Defendant Hale states that insofar as Defendant Hale is sued in his official capacity he is immune from Plaintiff's claim for punitive damages.

  E. Further answering and by way of affirmative defense, Defendant Hale states that Plaintiff's claim for punitive damages violates Defendant Hale's rights secured by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and by Article 1, § 2, § 10, § 13 and § 21 of the Missouri Constitution and that the claim for punitive damages is for the purpose of punishing Defendant Hale and is tantamount to the imposition of a criminal fine based upon conduct and a mental state which is not defined with sufficient precision to notify Defendant Hale in advance that conduct which will give rise to imposition of punishment in the form of punitive damages, in the amount of the penalty that may be imposed is indeterminate in

that there are no standards governing the decision of the fact finder in determining the severity of punishment to be inflicted, all of which violate Defendant Hale's right to procedural and substantive due process secured by both the Federal and State Constitutions; the claim for punitive damages constitutes an excessive fine and therefore deprives Defendant Hale of the guaranty secured by the Federal and State Constitutions that excessive fines shall not be imposed; the punitive damages claim discriminates against Defendant Hale on the basis of wealth, and that different amounts can be awarded against different defendants for the same act based only upon the difference in material wealth, and further the lack of standards from posing punitive damages allows the fact finder to impose punishment on one defendant while refusing to impose punishment on another defendant for engaging in the same or similar conduct, and therefore, is irrational, arbitrary and capricious, and constitutes a deprivation of Defendant Hale's rights to the equal protection of the law as secured by the Federal and State Constitutions; the claim for punitive damages amounts to an ex post facto law and punishment which is retrospective in operation, impairs Defendant Hale's right to contract and to access to the courts, and further constitutes an uncertain remedy, all in contravention of the rights secured for Defendant Hale in the Federal and State Constitutions.

WHEREFORE, having fully responded to Count III of Plaintiff's Petition/Complaint, Defendant Hale prays that it be dismissed with prejudice at Plaintiff's costs, and for such other and further relief as the Court deems just and proper.

## COUNT IV
### SEIZURE AND RETENTION OF PERSONAL PROPERTY
### EXAMINATION OF DATA ON CELL PHONE
### FOURTH AMENDMENT - 42 U.S.C. 1983
### AGAINST INDIVIDUAL DEFENDANTS

85. Defendants deny the allegations set forth in Paragraph 85.

86. Defendants deny the allegations set forth in Paragraph 86.

87. Defendants deny the allegations set forth in Paragraph 87.

88. Defendants deny the allegations set forth in Paragraph 88.

89. Defendants deny the allegations set forth in Paragraph 89.

90. Defendants deny the allegations set forth in Paragraph 90.

91. Defendants deny the allegations set forth in Paragraph 91.

92. Defendants deny the allegations set forth in Paragraph 92.

93. Defendants deny the allegations set forth in Paragraph 93.

### AFFIRMATIVE DEFENSES

A.  Further answering and by way of affirmative defense, Defendants state that Count IV of Plaintiff's Petition/Complaint fails to state a claim upon which relief can be granted.

B.  Further answering and by way of affirmative defense, Defendants state that Plaintiff's claim for damages as to these Defendants is barred by the doctrine of *qualified immunity* for the reason that whatever actions that any of Defendants took with reference to Plaintiff were undertaken reasonably and were not in violation of any clearly established rights secured for Plaintiff by the Federal Constitution.

C.  Further answering and by way of affirmative defense, Defendants state that whatever actions, if any, these Defendants took with reference to Plaintiff were supported by probable cause.

D.  Further answering and by way of affirmative defense, Defendants state that insofar as Defendants are sued in their official capacities, they are immune from Plaintiff's claim for punitive damages.

E.  Further answering and by way of affirmative defense, Defendants state that Plaintiff's claim for punitive damages violates Defendants' rights secured by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and by Article 1, § 2, § 10, § 13 and § 21 of the Missouri Constitution and that the claim for punitive damages is for the purpose of punishing Defendants and is tantamount to the imposition of a criminal fine based upon conduct and a mental state which is not defined with sufficient precision to notify defendants in advance that conduct which will give rise to imposition of punishment in the form of punitive damages, in the amount of the penalty that may be imposed is indeterminate in that there are no standards governing the decision of the fact finder in determining the severity of punishment to be inflicted, all of which violate Defendants' right to procedural and substantive due process secured by both the Federal and State Constitutions; the claim for punitive damages constitutes an excessive fine and therefore deprives Defendants of the guaranty secured by the Federal and State Constitutions that excessive fines shall not be imposed; the punitive damages claim discriminates against Defendants on the basis of wealth, and that different amounts can be awarded against different defendants for the same act based only upon the difference in material wealth, and further the lack of standards from posing punitive damages allows the fact finder to impose punishment on

one defendant while refusing to impose punishment on another defendant for engaging in the same or similar conduct, and therefore, is irrational, arbitrary and capricious, and constitutes a deprivation of Defendants' rights to the equal protection of the law as secured by the Federal and State Constitutions; the claim for punitive damages amounts to an ex post facto law and punishment which is retrospective in operation, impairs Defendants' right to contract and to access to the courts, and further constitutes an uncertain remedy, all in contravention of the rights secured for Defendants in the Federal and State Constitutions.

WHEREFORE, having fully responded to Count IV of Plaintiff's Petition/Complaint, Defendants pray that it be dismissed with prejudice at Plaintiff's costs, and for such other and further relief as the Court deems just and proper.

KING, KREHBIEL, HELLMICH
HACKING & BORBONUS, LLC

By:   /s/ John N. Borbonus
      JOHN N. BORBONUS       #45012
      2000 South Hanley Road
      St. Louis, MO 63144
      (314) 646-1110
      (314) 646-1122 (fax)
      jborbonus@kkhhb.com

      Attorneys for Defendants Andrew J. Hale, Jeffrey N.
      Seerey, Tim Lowery, and City of Florissant, Missouri

CERTIFICATE OF SERVICE

       The undersigned hereby certifies that a true and accurate copy of the foregoing was served upon the following by e-mail and U.S. Mail, postage prepaid, this 4th day of January, 2010:

W. Beavis Schock, Esq.
7777 Bonhomme Avenue, Suite 1300
St. Louis, MO 63105
wbschock@schocklaw.com
*Attorneys for Plaintiff*

                                              /s/ John N. Borbonus