UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WESLEY D. HEMPHILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09-CV-2123 (CEJ) |
| ) | |
| CITY OF FLORISSANT, MISSOURI, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant City of Florissant, Missouri, to dismiss Count V of plaintiff's complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), Fed.R.Civ.P. Plaintiff has filed a response in opposition to the motion and the issues are fully briefed.

Plaintiff Wesley D. Hemphill filed this action in the St. Louis County Circuit Court, alleging that he was arrested in Florissant, Missouri, by police officers who subjected him to excessive force, improperly entered his apartment, and seized his property. He further alleges that his demands for return of his property have been refused. He asserts claims for violation of his constitutional rights under 42 U.S.C. § 1983 and replevin against defendants Officer Andrew J. Hale, Officer Jeffrey N. Seerey, Officers John Does 1 through 4, Captain Tim Lowrey, and the City of Florissant. Defendants timely removed the action to this Court on the basis of federal question jurisdiction. See 28 U.S.C. §§ 1332, 1441. Defendant Florissant seeks dismissal of plaintiff's claim for municipal liability pursuant to Monell v. New York City Dept. of Soc. Services, 436 U.S. 658 (1978).

I.   Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 550 U.S. at 570. See also id. at 563 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 556.

II.   Discussion

Plaintiff alleges, *inter alia*, that the defendant police officers seized his cell phone and that defendant Captain Tim Lowrey has refused to return it to him. Plaintiff seeks to hold the City of Florissant liable for defendant Lowrey's refusal pursuant to Monell v. New York City Dept. of Soc. Services, 436 U.S. 658,(1978).

In Monell, the United States Supreme Court held that municipalities may be sued under § 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision." Id. at 690. A plaintiff

need not specifically plead or identify an unconstitutional policy to survive a motion to dismiss. Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 591 (8th Cir. 2004). At the very least, however, a plaintiff must allege facts which would support the existence of an unconstitutional policy or custom. Id. A plaintiff's failure to include any "allegations, reference or language by which one could begin to draw an inference that the conduct complained of, resulted from an unconstitutional policy or custom" renders the complaint deficient. Id. (quoting Doe v. School Dist. of Norfolk, 340 F.3d 605, 614 (8th Cir. 2003)). Plaintiff makes no allegations that the acts complained of were the result of an unconstitutional policy or custom.

Plaintiff contends that he can proceed against Florissant based upon Pembaur v. City of Cincinnati, 475 U.S. 469, 480 (1986), which held that a single decision or act made by a municipality's final policymaker can create municipality liability under § 1983. As plaintiff makes no allegation that defendant Lowrey is a final policymaker, Pembaur is inapplicable. Plaintiff has failed to state a claim for municipal liability under Monell and defendant Florissant's motion to dismiss will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant City of Florissant to dismiss [Doc. #4] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 6th day of April, 2010.