UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WESLEY D. HEMPHILL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| OFFICER ANDREW J. HALE, | ) ) Case No.: 4:09-CV-02123-CEJ |
| DETECTIVE JEFFREY N. SEEREY, | ) ) |
| DETECTIVE DAVID ROHLFING, | ) ) |
| DETECTIVE MARK POUNDERS, | ) ) **PLAINTIFF DEMANDS** |
| CAPTAIN TIM LOWREY, | ) **JURY TRIAL** |
| Defendants | ) ) |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**
**REPLEVIN OR CONVERSION, AND CIVIL RIGHTS**

Comes now Plaintiff Wesley D. Hemphill, by counsel W. Bevis Schock, and states for his Second Amended Complaint:

**INTRODUCTION, NOT PART OF COMPLAINT**

Hemphill was at a gas station. Several Florissant police officers arrested him. Everyone drove over to Hemphill's apartment. The officers entered that apartment without either permission, a search warrant, or exigent circumstances. Officer Hale beat and choked Hemphill. The officers took Hemphill's cell phone, driver's license, keys, $320.00 in green cash, and book bag. The officers had no probable cause to believe those items were related to criminal activity. A few days later the Florissant police returned the keys and a portion of the money. Hemphill, through counsel, made demand upon Captain Tim Lowrey, a ranking officer, for return of the

cell phone and the $55.00.  The Florissant Police Department have not returned the cell phone, driver's license, the $55.00, or the book bag.

Hemphill sues (a) in replevin for his cell phone, the driver's license, the $55.00, and the book bag, (b) in the alternative for conversion, and (c) under 42 U.S.C. 1983 for violations of his civil rights, including the entry into his home without a search warrant or other lawful authority, excessive force, and seizure and retention of the personal property.  Hemphill seeks attorney's fees for the federal claims.

## PARTIES

1. Plaintiff Wesley Hemphill is a resident of St. Louis County, Missouri.  At the time of these incidents Hemphill was on parole.

2. Defendant Officer Andrew J. Hale is an officer of the Florissant, St. Louis County, Missouri Police Department, and Plaintiff sues him in his individual capacity only.

3. Defendant Detective Jeffrey N. Seerey is an officer of the Florissant, St. Louis County, Missouri Police Department, and Plaintiff sues him in his individual capacity only.

4. Defendant Detective David Rohlfing is an officer of the Florissant, St. Louis County, Missouri Police Department, and Plaintiff sues him in his individual capacity only.

5. Defendant Detective Mark Pounders is an officer of the Florissant, St. Louis County, Missouri Police Department, and Plaintiff sues him in his individual capacity only.

6. Defendant Captain Tim Lowrey is a ranking officer of the City of Florissant Police Department, and Plaintiff sues him in his individual capacity only.

## JURISDICTION AND VENUE

7. The events described in this Petition all occurred in St. Louis County, Missouri.

## JURY DEMAND

8. Plaintiff demands jury trial.

## FACTS

### Arrest

9. On or about August 19, 2009 Hemphill was in his vehicle at a BP Gas Station near the intersection of Rte 367 and Chambers Road

10. Police cars surrounded his vehicle.

11. A Defendant Officer pointed a gun at Hemphill

12. A Defendant Officer ordered Hemphill out of the car.

13. Hemphill exited his vehicle.

14. That officer handcuffed Hemphill, took him into custody and put him in his patrol car.

15. That officer and several other officers drove, with Hemphill, to Hemphill's apartment.

### Officers Enter and Search Apartment Without Warrant or Exigent Circumstances

16. Several officers, including at least Defendants Seerey, Rohlfing and Pounders entered Hemphill's apartment.

17. One officer, on information and belief Defendant Hale, sat with Hemphill in Hale's patrol car while those officers went in,

18. Hemphill never gave the officers permission to enter his apartment.

19. The officers had no warrant to enter Hemphill's apartment.

20. There were no exigent circumstances to justify entry into the apartment such as fear of destruction of evidence or medical emergency.

21. Neighbors witnessed this police activity.

22. The officers searched Hemphill's apartment.

### Intimidation

3

23. After a period of time Defendant Hale told Hemphill that he would take Hemphill into the apartment so Hemphill would not think anything was being planted there.

24. The officer took Hemphill through a rear attached garage and sat him down in a room.

25. By that time the officers who had gone in the apartment had already planted marijuana and a gun in the apartment.

26. The officers told Hemphill they had found marijuana and a gun in the apartment, and showed him those items.

27. Hemphill had never seen those items before.

### Seizure of Hemphill's Personal Property

28. While in the apartment the officers seized

    a. $320.00 in the form of 16 twenty dollar bills,

    b. Hemphill's driver's license,

    c. Hemphill's keys,

    d. Hemphill's book bag, and

    e. Hemphill's cell phone, a Blackberry, Model 8339, serial no 07610132569.

29. The officers did not tell Hemphill they had taken those things.

### Demand to Sign Consent To Entry – Physical Force – Intimidating Remarks

30. The officers demanded that Hemphill sign a "consent to entry."

31. The officers said that if Hemphill would sign the paper they would let him go.

32. Hemphill refused to sign the consent to entry form.

33. The officers made offensive deprecatory and racial remarks toward Hemphill.

34. In the course of demanding that Hemphill sign the form Officer Hale choked Hemphill and hit Hemphill in the side rib area with his fists.

35. Hemphill still refused to sign the consent form.

### 24 Hour Hold, Release

36. Officer Seerey drove Hemphill to the Florissant police station.

37. The Florissant police held Hemphill in jail for 24 hours.

### Return of Some Items, Retention of Some Items

38. Upon demand the Florissant police returned Hemphill's keys and $265.00 of the original $320.00.

39. The original money was in the form of $20.00 bills, and so at least some of the money was not in the form of the same bills which were originally taken.

40. Despite demand the Florissant police have not returned the cell phone.

41. A ranking officer of the Florissant police, Defendant Captain Tim Lowrey, has specifically refused to return the cell phone.

42. Hemphill has also never received back the final $55.00, his driver's license, or his book bag.

43. Hemphill obtained a duplicate driver's license at a cost of $12.50.

### Inspection of Phone Data

44. Defendant Captain Tim Lowrey indicated to undersigned counsel that he intended to inspect the data on the phone.

### No Resistance

45. Defendant did not resist arrest in any way.

### No Charges Ever Filed

46. As of this filing Hemphill has never been charged with a crime in connection with this incident.

<b>Don't Have The Items</b>

47. Defendants have later denied having any of the items listed above as having been taken from Plaintiff.

## COLOR OF STATE LAW

48. At all times the individual Defendants acted under color of state law, that is, they were acting within their role as police officers of the City of Florissant and acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri, and its political subdivisions.

## DAMAGES

### Personal Property Issues

49. Hemphill has been damaged by the taking of the cell phone in that:

    a. For a brief time he had no cell phone whatsoever,

    b. He had to get a new cell phone and new cell phone number, and

    c. He lost his contacts list including phone numbers and e-mail addresses.

50. Hemphill was damaged by the taking of the money because he had to pay his utility bill later than he would otherwise have paid it.

51. Hemphill was damaged by the taking of the driver's license because he had to take time to get a duplicate license, and had to pay a $12.50 fee.

52. Hemphill was damaged by the taking of the book bag because he lost its use.

### Other Damages

53. Hemphill suffered the constitutional insult of the unreasonable search.

54. During the incident Hemphill suffered:

    a. Humiliation, and

    b.    Physical pain.

55.    Since the incident Hemphill has been:

    a.    Afraid of police,

    b.    Afraid of being in his apartment for fear of the police entering unlawfully, and

    c.    Afraid of being charged with a crime he did not commit, that is, with being on parole while in possession of marijuana and a gun.

56.    As a result of the incident Hemphill has suffered embarrassment before his neighbors.

57.    Hempill has suffered worry and concern about invasion of his privacy in connection with Defendant Captain Tim Lowrey and perhaps others' inspection of the data on his phone.

58.    Hemphill has special damages in the form of a bill from SSM Health Care, in an amount unknown as of this filing, where he went for treatment to his neck and chest due to the blow struck by Defendant Officer John Doe.

## WILLFUL AND WANTON MALICE, SPITE AND ILL WILL

59.    The conduct of the individual Defendants and each of them was undertaken in a willful and wanton manner, and with malice, spite and ill will.

60.    Specifically, the individual Defendants well knew they had no right to enter Plaintiff's apartment, choke him and beat him, and take and retain his property, and yet they did it anyway.

61.    Plaintiff is therefore entitled to punitive damages against the individual Defendants.

## ATTORNEY'S FEES INCURRED

62.    In the course of pursuing this action Defendant is incurring reasonable attorney's fees and costs.

## JURY DEMAND ON ALL ISSUES EXCEPT REPLEVIN CLAIM

63. Plaintiff demands a jury trial on all issues except the equitable replevin claim.

## COUNT I
## REPLEVIN CELL PHONE AND MONEY
## STATE LAW CLAIM, RULE 99
## AGAINST ALL DEFENDANTS

64. Hemphill is the owner of the:

    a. Cell phone,

    b. All the money seized by Defendants,

    c. His driver's license, and

    d. The book bag.

    (The "retained personal property").

65. Hemphill has a right to immediate possession of the retained personal property.

66. The money is specific identifiable money in the form of specific individual bills, and not a generic debt.

67. Defendants and each of them are wrongfully detaining the retained personal property.

### Prayer

WHEREFORE, Plaintiff prays the court to:

68. Find that Plaintiff's claim of possession of the retained personal property is better than Defendants' claim for that property,

69. Order that Defendants and each of them return those items back to Plaintiff,

70. Declare Plaintiff to be the owner of those items,

71. Award compensatory damages against Defendants in a reasonable amount,

72. Award punitive damages,

73. Awards costs, and

74. Award such other relief as the court finds to be just, meet and reasonable.

### COUNT II, IN THE ALTERNATIVE
### STATE LAW CLAIM FOR CONVERSION
### AGAINST ALL DEFENDANTS

75. At the time of the incident Plaintiff was lawfully possessed of the following items of tangible personal property:

    a. Cell phone,

    b. $55.00 (which is net of the original $320.00 taken, after return of $265.00),

    c. Driver's License, and

    d. Book bag.

76. The value of those items was $350.00, more or less.

77. In the course of the incident Defendants took possession of those items.

78. Defendants thereafter unlawfully either:

    a. Kept them for their own use, or

    b. Disposed of them.

79. Plaintiff has been damaged in the amount of $350.00, more or less, in an amount to be proved at trial.

    WHEREFORE, Plaintiff prays the court to:

80. Award compensatory damages against Defendants for the value of the taken items,

81. Award punitive damages against the individual Defendants,

82. Awards costs, and

83. Award such other relief as the court finds to be just, meet and reasonable.

### COUNT III
### ENTRY INTO APARTMENT
### FOURTH AMENDMENT - 42 U.S.C. 1983
### AGAINST INDIVIDUAL DEFENDANTS EXCEPT DEFENDANT LOWREY

9

84. Each individual Defendant, including each Doe Defendant but excluding Defendant Lowry, entered into Hemphill's apartment.

85. The individual Defendants did not have a warrant.

86. There were no exigent circumstances, such as a medical emergency or fear of destruction of evidence.

87. The entry into Hemphill's apartment violated Hemphill's Fourth Amendment right to be free of unreasonable searches and seizures.

**Prayer**

WHEREFORE, Plaintiff prays the court to:

88. Award compensatory damages against the individual Defendants and each of them under 42 U.S.C. 1983 in a reasonable amount,

89. Award punitive damages against the individual Defendants excluding Defendant Lowrey,

90. Award attorney's fees and costs under 42 U.S.C. 1988, and

91. Award such other relief as the court finds to be just, meet and reasonable.

**COUNT IV**
**EXCESSIVE FORCE**
**FOURTH AMENDMENT - 42 U.S.C. 1983**
**AGAINST DEFENDANT HALE**

92. There was no cause for the use of any force by Defendant Officer Hale.

93. Defendant Officer Hale's use of force was therefore excessive under the circumstances, and a violation of the Fourth Amendment.

**Prayer**

WHEREFORE, Plaintiff prays the court to:

94. Award compensatory damages against Defendant Officer Hale under 42 U.S.C. 1983 in a reasonable amount in excess of $25,000.00,

95. Award punitive damages against Defendant Officer Hale,

96. Award attorney's fees and costs under 42 U.S.C. 1988, and

97. Award such other relief as the court finds to be just, meet and reasonable.

## COUNT V
## SEIZURE AND RETENTION OF PERSONAL PROPERTY
## EXAMINATION OF DATA ON CELL PHONE
## FOURTH AMENDMENT - 42 U.S.C. 1983
## AGAINST INDIVIDUAL DEFENDANTS

98. One of the Doe Defendants seized Hemphill's cell phone, $320.00, driver's license and book bag.

99. The City of Florissant Police Department returned Hemphill's keys, and $265.00 of the $320.00.

100. Certain individual Defendants, identity to be determined by discovery, have retained the cell phone, $55.00, the driver's license, and the book bag.

101. On information and belief some or all of those Defendants, identity to be determined by discovery, have examined the data on Hemphill's cell phone, including phone numbers.

102. The Defendants who made such seizure had no warrant to seize said property.

103. The Defendants who made such seizure had no probable cause to believe that those particular items were related to criminal activity.

104. The Defendants who examined the data on the cell phone had no probable cause to examine any of the information or all the information on Hemphill's cell phone.

105. The Defendants who seized the phone and who examined the data have never obtained a warrant to retain the cell phone or the unreturned money, or to examine the data on the cell phone.

106. The conduct of Defendants and each of them as stated in this count have violated Hemphill's right to be free of unreasonable searches and seizures of his "effects" and "papers" under the Fourth Amendment.

**Prayer**

WHEREFORE, Plaintiff prays the court to:

107. Award compensatory damages against the individual Defendants who seized the cell phone and against the individual Defendants who examined the data on the cell phone, all under 42 U.S.C. 1983, in a reasonable amount,

108. Award punitive damages against those individual Defendants,

109. Award attorney's fees and costs under 42 U.S.C. 1988, and

110. Award such other relief as the court finds to be just, meet and reasonable.

Respectfully Submitted,

  /s/ W. Bevis Schock   .
W. Bevis Schock, MBE# 32551, FedARN# 15278
Attorney for Plaintiff
7777 Bonhomme Ave., Ste. 1300
St. Louis, MO  63105
wbschock@schocklaw.com
Fax:   314-721-1698
Voice: 314-726-2322

CERTIFICATE OF SERVICE

I hereby certify that on July ____, 2010 the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:
John N. Borbonus
Bradley R. McDill
King, Krehbiel, Hellmich, Hacking & Borbonus, LLC
2000 S. Hanley Rd.

St. Louis, Missouri 63144
  /s/ W. Bevis Schock  .
W. Bevis Schock, MBE# 32551, FedARN# 15278