UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WESLEY D. HEMPHILL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:09-CV-2123 (CEJ) |
| ANDREW J. HALE, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant Andrew J. Hale for partial summary judgment on plaintiff's excessive force claim asserted in Count IV of the second amended complaint. Plaintiff has filed a response in opposition to the motion and the issues are fully briefed.

Plaintiff Wesley D. Hemphill filed this action pursuant to 42 U.S.C. § 1983 following his arrest on August 19, 2009, at a gas station in Florissant, Missouri. Plaintiff alleges that, after he was arrested and placed in handcuffs, the officers drove him to his home, which they entered and searched without his consent. Relevant to the present motion, plaintiff alleges that defendant Andrew Hale, a Florissant police officer, choked him and hit him in the side two or three times, thus violating the Fourth Amendment's prohibition on the use of excessive force. Defendant Hale moves for partial summary judgment, arguing that he is entitled to qualified immunity on plaintiff's excessive force claim.[1]

---

[1]Plaintiff also asserts claims under § 1983 for improper entry into his residence and seizure and retention of his personal property in violation of the Fourth Amendment. He brings state law claims for replevin or, in the alternative, conversion.

I.   <u>Legal Standard</u>

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if the moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. <u>AgriStor Leasing v. Farrow</u>, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986); <u>Matsushita Electric Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. <u>United of Omaha Life Ins. Co. v. Honea</u>, 458 F.3d 788, 791 (8th Cir. 2006) (quoting Fed. R. Civ. P. 56(e)). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex Corporation v. Catrett</u>, 477 U.S. 317, 322 (1986).

II.   <u>Background</u>

Defendant Hale testified at deposition that he and other officers observed the delivery of a package containing marijuana to Sandra Powell. When arrested, Ms. Powell informed the police that the package was intended for her nephew, plaintiff

Wesley Hemphill. She was instructed to set up a meeting with plaintiff to deliver the package to him.

Plaintiff testified that his aunt called him on August 19, 2009, and told him she had clothing to give him. He arranged to meet her at a gas station in Florissant, Missouri. While he was waiting, several police officers approached and ordered him out of his car. Defendant Hale testified that plaintiff was fully cooperative and provided his license when asked. Plaintiff was handcuffed and his car was searched. He was then placed in a police vehicle and driven to his apartment. He testified that while he was sitting in the police vehicle he saw officers entering his home. He also testified that he never consented to the search.

Plaintiff was escorted inside and told to sit in a back room while the officers completed the search. He remained in handcuffs the entire time. Plaintiff testified that after a while officers told him that they had found marijuana and a gun. They gave him a form to sign giving consent for the search, but he refused. Plaintiff testified that defendant Hale grabbed him by the neck, choked him, and hit him two or three times.[2]

Plaintiff was taken to the Florissant police station and was held until the following afternoon when he was released without charges. He went to the emergency room after his release because he was experiencing pain in his chest, side, and neck. Medical records from the DePaul Health Center Emergency Department indicate that plaintiff reported that he had been beaten by the police and was experiencing pain in his neck and his side, which he rated at 6 on a 10-point scale. He denied abdominal pain, headaches and shortness of breath. The examining physician found a normal

---

[2]For the purposes of this motion only, defendant Hale does not contest this allegation.

range of motion of the neck, diffuse tenderness of the right lateral chest wall, and mild paraspinal tenderness. Plaintiff had no abrasions or contusions, no respiratory distress, and no abdominal distension or tenderness. X-rays of plaintiff's ribs showed no signs of fracture. Plaintiff was discharged with ibuprofen for pain and cyclobenzaprine for muscle spasms. Plaintiff testified that the pain in his neck resolved within a day or so and the pain in his side was better within a week.

### III. Discussion

Defendant Hale asserts that he is entitled to qualified immunity on plaintiff's excessive force claim. "Qualified immunity shields a government official from liability and the burdens of litigation in a § 1983 action for damages unless the official's conduct violated a clearly established constitutional or statutory right of which a reasonable official would have known." Id. at 904 (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). To defeat a claim of qualified immunity, a plaintiff alleging excessive use of force must present sufficient facts to show that (1) the officer's conduct violated a constitutional right and (2) the right was clearly established. Id.

#### A.  Violation of a Constitutional Right

Claims that the police used excessive force in the context of an arrest, investigatory stop, or other seizure are analyzed under the Fourth Amendment's "objective reasonableness standard." Graham v. Connor, 490 U.S. 386, 388, 395 (1989); Chambers v. Pennycook, 641 F.3d 898, 905 (8th Cir. 2011) (Eighth Circuit applies Fourth Amendment excessive force standards to incidents occurring during arrest, transportation, booking, and initial detention). Determining whether the degree of force used to effect a particular seizure is reasonable requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment rights

against the countervailing government interests at stake. Id. at 396. A plaintiff may recover for excessive use of force under § 1983 if the degree of force used was unreasonable under the circumstances, or if the force was used for an improper purpose. Bauer v. Norris, 713 F.2d 408, 411–12 (8th Cir. 1983). "The reasonableness of a particular use of force depends on the circumstances of each case, including 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officer or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" Shannon v. Koehler, 616 F.3d 855, 862 (8th Cir. 2010) (quoting Wertish v. Krueger, 433 F.3d 1062, 1066 (8th Cir. 2006)). The reasonableness of a particular use of force is examined "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Henderson v. Munn, 439 F.3d 497, 502 (8th Cir. 2006) (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)).

It is well established that "the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Graham, 490 U.S. at 396. Once a suspect has been subdued and restrained, however, the use of force is no longer objectively reasonable. See Henderson v. Munn, 439 F.3d 497, 503 (8th Cir. 2006) (rejecting summary judgment for officer who sprayed suspect's face with pepper spray once suspect was subdued and handcuffed); Ross v. Buck, 186 Fed. App'x 697, 699 (8th Cir. 2006) (jury could conclude that police officer's second and third administration of pepper foam to face of restrained suspect was gratuitous and therefore unreasonable); Hill v. Kansas City Metro Task Force, 182 Fed. App'x 620, 622-23, (8th Cir. 2006) (dispute of facts regarding whether police beat suspect after he was subdued and handcuffed precluded

qualified immunity). Here, the evidence indicates that plaintiff was cooperative and did not resist being handcuffed. There is no evidence that he acted in a threatening manner at any time in the encounter. "[T]he use of force against a suspect who was not threatening and not resisting may be unlawful." Shannon v. Koehler, 616 F.3d 855, 864-65 (8th Cir. 2010). Based on the record before the Court, a jury could conclude that defendant Hale's conduct deprived plaintiff of his Fourth Amendment right to be free of unreasonable seizures.

### B. Clearly Established Right

The second step in the qualified immunity analysis is to determine whether the right that was violated was clearly established at the time of the defendant's misconduct. Chambers, 641 F.3d at 907. "For a right to be clearly established, 'the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" Id. at 908 (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)) (alteration omitted). The Court must ask whether the law at the time of the events in question gave the officers fair warning that their conduct was unconstitutional. Id. (citing Hope v. Pelzer, 536 U.S. 730, 741 (2002)).

Defendant Hale argues that Chambers establishes that he is entitled to qualified immunity. The issue before the Eighth Circuit in Chambers was whether a citizen alleging excessive use of force was required to show more than a *de minimis* injury. Id. at 901. The court concluded that the relevant question is the degree of force used in effecting an arrest, rather than the degree of injury. Id. "The degree of injury is certainly relevant insofar as it tends to show the amount and type of force used. But it is logically possible to prove an excessive use of *force* that caused only a minor

*injury*, and a rule that forecloses a constitutional claim in that circumstance focuses on the wrong question." Id. (emphasis in original; citations omitted). However, the Eighth Circuit determined that the defendants in Chambers were entitled to qualified immunity because in August 2005, when the incident occurred, it was not clearly established that an officer violated an arrestee's rights by applying force that caused only a *de minimis* injury. Id.

Plaintiff argues, first, that his injuries were more than *de minimis*. "[R]elatively minor scrapes and bruises and a less-than-permanent aggravation of a prior condition are to be considered *de minimis* injuries." Id. at 906 (quoting Wertish v. Krueger, 433 F.3d 1062, 1067 (8th Cir. 2006)) (internal quotations omitted). In this case, plaintiff suffered pain in his chest, neck, and side, that he rated at a severity of 6 on a 10-point scale. On examination, plaintiff had a normal range of motion of the neck, diffuse tenderness of the right lateral chest wall, and mild paraspinal tenderness. He had no fractures, abrasions or contusions, no respiratory distress, and no abdominal distension or tenderness. The pain in his neck resolved within a day or so and the pain in his side was better within a week. These injuries are comparable to those described in Chambers as *de minimis* injuries. Id.

However, by focusing on the degree of injury, defendant Hale has skipped over the question whether the use of any force was appropriate in this instance. In Chambers, it was assumed without discussion that the application of some degree of force was objectively reasonable under the circumstances. After all, the plaintiff's encounter with the police in Chambers occurred in the context and aftermath of a drug raid. In contrast, plaintiff asserts that he was subjected to force in an effort to intimidate him into signing a consent to a warrantless search of his home. Defendant

Hale's reading of Chambers would confer qualified immunity on all police officers accused of applying force resulting in *de minimis* injuries, without regard to the circumstances under which the need for force arose. The Court believes this goes too far: established precedent requires the courts to balance the nature and quality of the intrusion on the individual's rights against the countervailing governmental interests at stake. Graham, 490 U.S. at 396; Chambers, 641 F.3d at 906. Defendant Hale has not articulated, and the Court cannot define, a legitimate governmental interest that was served by any use of force. Under this circumstance, the relative lack of injury resulting from the illegitimate use of force does not entitle defendant Hale to qualified immunity.

In August 2009, it was clearly established that an arrestee had a right to be free from the application of force that is excessive, gratuitous, or for an improper purpose. See Bauer v. Norris, 713 F.2d 408, 411–12 (8th Cir. 1983); see also Williams v. Bramer, 180 F.3d 699, 703-04 (5th Cir. 1999) (finding plaintiff's injuries legally insufficient when they resulted from a permissible search but sufficient when they resulted from illegitimate use of force). The evidence presented in this case, if accepted by a jury, could support a finding that the force was applied solely for the purpose of intimidating plaintiff into signing a consent to search after the search was completed. A reasonable police officer would know that use of force unjustified by any legitimate need would be unlawful. Arrington *ex rel.* Arrington v. City of Davenport, 240 F. Supp. 2d 984, 992 (S.D. Iowa 2003).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Andrew J. Hale for partial summary judgment [Doc. #59] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 9th day of September, 2011.